

**JUSTIN BAXTER**, Oregon State Bar ID Number 99217
justin@baxterlaw.com
8835 S.W. Canyon Lane, Suite 130
Portland, Oregon 97225
Telephone (503) 297-9031
Facsimile (503) 291-9172

**KEITH D. KARNES**, Oregon State Bar ID Number 03352
kkarnes@olsendaines.com
Olsen Daines
3995 Hagers Grove Road SE
Salem, OR 97317
Telephone (503) 362-9393
Facsimile (503) 362-1375

Attorneys for Plaintiff

FILED 10 OCT 14 10:59 USDC-ORP

# THE UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| GORDON A. HINKLE,<br><br>          Plaintiff,<br><br>     v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., EQUIFAX INFORMATION SERVICES, LLC., TRANS UNION, LLC., WELLS FARGO BANK, N.A., and CCB CREDIT SERVICES, INC.<br><br>          Defendants. | Case No. CV '10-1263  ST<br><br>COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT; FAIR DEBT COLLECTION PRACTICES ACT<br><br>DEMAND FOR JURY TRIAL |

## JURISDICTION

1.  Jurisdiction of this Court arises under 15 U.S.C. § 1681(p) and 15 U.S.C. § 1692k.

2.  This action arises out of Defendants' violations of the Fair Credit Reporting Act,

COMPLAINT-1



Olsen Daines
PO Box 12829
Salem, OR 97309
Phone (503) 362-9393

15 U.S.C. § 1681 *et seq.* ("FCRA"); Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq* ("FDCPA").

3.  Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## PARTIES

4.  Plaintiff Gordon A. Hinkle is a natural person resides in the City of Hood River, State of Oregon, and is a "consumer" as that term is defined by the FCRA, 15 U.S.C. § 1681a(c); and the FDCPA, 15 U.S.C. § 1692a(3).

5.  Defendants Experian Information Solutions ("Experian"), Equifax Information Services, LLC ("Equifax"), and Trans Union, LLC ("Trans Union") are consumer reporting agencies as defined by 15 U.S.C. § 1681a(f).

6.  Defendant Wells Fargo Bank, N.A., ("Wells") is a corporation operating from an address of 420 Montgomery Street, San Francisco, CA 94104 and is a furnisher of credit information.

7.  Defendant CCB Credit Services, Inc. (CCB) is a corporation operating from an address of 5300 6th Street, Springfield, IL 62703 and is a debt collector as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8.  In 2008 plaintiff became aware he was a victim of identity theft because someone used plaintiff's personal identifiable information to open an account with Wells Fargo without plaintiff's permission.

9.  From 2008 to present Defendant Wells Fargo reported false and derogatory information regarding plaintiff's ownership of the Wells Fargo account to one or more of the

COMPLAINT-2

national credit reporting agencies.

10. In 2009 and 2010 Plaintiff repeatedly wrote to Trans Union, Equifax and Experian to dispute the false information on his credit report.

11. On information and belief, Experian, Equifax and Trans Union communicated Plaintiff's dispute to Defendant Wells Fargo.

12. Defendant Wells Fargo failed to conduct a reasonable reinvestigation of the disputed account information, resulting in the false and derogatory information continuing to be reported in Plaintiffs' credit reports. Defendant Wells Fargo also failed to follow reasonable procedures to permanently block the reporting of false information.

13. Defendants Experian, Equifax and Trans Union continued to report the false information regarding Plaintiff's disputed account.

14. Defendant Wells Fargo assigned the collection of the subject account to CCB which in turn began to attempt collection from plaintiff.

15. Plaintiff repeatedly informed CCB that he was the victim of identity theft and despite plaintiff's disputes, CCB continued to collect from plaintiff.

16. As a result of Defendants' actions, Plaintiff has suffered damages including, but not limited to, low credit scores, high interest payments, denials of credit, lost opportunity to receive credit, damage to reputation, worry, distress, frustration, embarrassment, invasion of privacy, and humiliation, and other damages in an amount to be determined by the jury in addition to statutory damages in an amount to be determined by the Court.

## TRIAL BY JURY

17. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed. R. Civ. Pro. 38.

COMPLAINT-3

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

### 15 U.S.C. § 1681n.

#### (Wells Fargo)

18. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

19. Defendant Wells Fargo willfully failed to comply with the requirements of 15 U.S.C. § 1681s-2(b).

20. As a result of Defendant Wells Fargo's violations of the FCRA, plaintiff has suffered damages, including denials of credit, lost opportunity to receive credit, damage to reputation, worry, distress, frustration, embarrassment, invasion of privacy, and humiliation, and other damages in an amount to be determined by the jury in addition to statutory damages in an amount to be determined by the Court.

21. Plaintiff is entitled to attorney fees, pursuant to 15 U.S.C. § 1681n(a).

22. Plaintiff is entitled to punitive damages in an amount to be determined by the jury.

### COUNT II.

### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

### 15 U.S.C. § 1681o

#### (Wells Fargo)

23. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

COMPLAINT-4

24.  Defendant Wells Fargo negligently failed to comply with the requirements of 15 U.S.C. 1681s-2(b).

25.  As a result of Defendant Wells Fargo's violations of the FCRA, plaintiff has suffered and continues to suffer damages, including denial of credit, lost opportunity to receive credit, damage to reputation, worry, fear, distress, frustration, embarrassment, and humiliation, all to his damages in an amount to be determined by the jury in addition to statutory damages in an amount to be determined by the Court.

26.  Plaintiff is entitled to attorney fees, pursuant to 15 U.S.C. § 1681o(a).

## COUNT III.

## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

### 15 U.S.C. § 1681n

(Experian, Equifax, Trans Union)

27.  Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

28.  Experian, Equifax and Trans Union willfully failed to comply with the requirements imposed under the FCRA, including but not limited to:

   a)  failing to follow reasonable procedures to assure maximum possible accuracy of the information in consumer reports, as required by 15 U.S.C. § 1681e(b); and,

   b)  failing to comply with the reinvestigation requirements in 15 U.S.C. § 1681i.

29.  As a result of Experian, Equifax, and Trans Union's violations of the FCRA, Plaintiff has suffered and continues to suffer damages, including denial of credit, lost opportunity to receive credit, damage to reputation, worry, fear, distress, frustration, embarrassment, and

COMPLAINT-5

Olsen Daines
PO Box 12829
Salem, OR 97309
Phone (503) 362-9393

humiliation, all to his damages in an amount to be determined by the jury in addition to statutory damages in an amount to be determined by the Court.

30. Plaintiff is entitled to punitive damages in an amount to be determined by the jury.

## COUNT IV.

### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

### 15 U.S.C. § 1681o

(Experian, Equifax, Trans Union)

31. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

32. Experian, Equifax and Trans Union negligently failed to comply with the requirements imposed under the FCRA, including but not limited to:

    a) failing to follow reasonable procedures to assure maximum possible accuracy of the information in consumer reports, as required by 15 U.S.C. § 1681e(b); and,

    b) failing to comply with the reinvestigation requirements in 15 U.S.C. § 1681i.

33. As a result of Experian, Equifax, and Trans Union's violations of the FCRA, Plaintiff has suffered and continues to suffer damages, including denial of credit, lost opportunity to receive credit, damage to reputation, worry, fear, distress, frustration, embarrassment, and humiliation, all to his damages in an amount to be determined by the jury.

34. Plaintiff is entitled to attorney fees, pursuant to 15 U.S.C. § 1681o(a).

## COUNT V.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 *et seq.*

(CCB)

COMPLAINT-6

Olsen Daines
PO Box 12829
Salem, OR 97309
Phone (503) 362-9393

35. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA including, but not limited to, 15 U.S.C. § 1692d, 1692e, 1692e(1), 1692e(5), 1692e(7), 1692e(10), 1692e(14), 1692f,

37. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that judgment be entered against Defendant for:

## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

## 15 U.S.C. § 1681 *et seq*.

38. On Plaintiffs' First Claim for Relief for willful violations of the FCRA against Defendant Wells Fargo.

    a)    Actual damages in an amount to be determined by the jury;

    b)    Punitive damages in an amount to be determined by the jury; and,

    c)    Attorney fees and costs.

39. On Plaintiffs' Second Claim for Relief for negligent violations of the FCRA against Defendant Wells Fargo.

    a)    Actual damages in an amount to be determined by the jury; and,

    b)    Attorney fees and costs.

40. On Plaintiff's Third Claim for Relief for willful violations of the FCRA against

COMPLAINT-7

Defendants Equifax, Experian and Trans Union.

    a)    Actual damages in an amount to be determined by the jury;

    b)    Punitive damages in an amount to be determined by the jury; and,

    c)    Attorney fees and costs.

41.    On Plaintiffs' Fourth Claim for Relief for negligent violations of the FCRA against Defendants Equifax, Experian and Trans Union.

    a)    Actual damages in an amount to be determined by the jury; and,

    b)    Attorney fees and costs.

42.    On Plaintiff's Fifth Claim for relief for violations of the FDCPA against CCB.

    a)    Actual damages in an amount to be determined by the jury; and

    b)    Statutory damages pursuant to 15 U.S.C. § 1692k; and

    c)    Attorney fees and costs.

DATED: October 13, 2010

_____
**JUSTIN BAXTER,** OSB #99217
justin@baxterlaw.com
8835 S.W. Canyon Lane, Suite 130
Portland, Oregon 97225
Telephone (503) 297-9031
Facsimile (503) 291-9172

**KEITH D. KARNES,** OSB# 03352
kkarnes@olsendaines.com
Olsen Daines
3995 Hagers Grove Road SE
Salem, OR 97309-0829
Telephone (503) 362-9393
Facsimile (503) 362-1375
Attorneys for Plaintiff

COMPLAINT-8